25-605-cv
*Diana v. U. S. Navy*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of January, two thousand twenty-six.

PRESENT:
> AMALYA L. KEARSE,
> JOHN M. WALKER, JR.,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

---

ROSE MARIE (FIORE) DIANA,

> *Plaintiff-Appellant*,

SALVATORE R. FIORE,

> *Plaintiff*,

v.                                                          25-605-cv

UNITED STATES NAVY, UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, V.A. HOSPITAL, IRVING AVE., SYRACUSE, UTICA STATE HOSPITAL, ALSO KNOWN AS MOHAWK VALLEY PSYCHIATRIC CENTER, UTICA, NEW YORK,

> *Defendants-Appellees*.[*]

---

[*] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

FOR PLAINTIFF-APPELLANT:     Rose Marie (Fiore) Diana, *pro se*,
                             Whitesboro, NY.

FOR DEFENDANTS-APPELLEES:     No appearance.

Appeal from an order of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court, entered on February 26, 2025, is **AFFIRMED**.

Rose Marie (Fiore) Diana, proceeding *pro se* and *in forma pauperis*, appeals from the district court's order denying her motion to reopen her case. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

In 2010, Diana sued the United States Navy, the Department of Veterans Affairs, a Veterans Affairs hospital in Syracuse, and Utica State Hospital, alleging that she was entitled to veterans' benefits that her late father, a World War II veteran, was wrongfully denied. In 2011, the district court *sua sponte* dismissed Diana's amended complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B). This Court subsequently dismissed Diana's appeal, pursuant to Section 1915(e), because it lacked an arguable basis in law or fact.

In February 2025, approximately 14 years after judgment was entered, Diana moved in the district court to reopen the case "in the interest of justice and fairness and to avoid severe prejudice[.]" Motion to Reopen, Dist. Ct. Dkt. No. 18. The district court construed Diana's motion to reopen as a motion for relief from a final judgment, pursuant to Federal Rule of Civil

2

Procedure 60(b), and denied it. In its Decision and Order, the district court concluded that the motion was untimely under Rule 60(b)(1), (2), or (3), and that Diana had not "articulated any other basis for belief under Rule 60(b)." App'x at 7. In particular, the district court noted that Diana "fails to establish any exceptional circumstances warranting relief from [the] Court's final judgment[] and merely attempts to rehash the issues discussed in her complaints." *Id*. at 7–8 (footnote omitted). Diana now appeals that order.

"A denial of a motion to vacate a judgment under Rule 60(b) is reviewed for abuse of discretion[.]" *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 359 (2d Cir. 2023) (internal quotation marks and citation omitted). Rule 60(b) provides "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks and citation omitted). Under Rule 60(b), the district court may grant relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *see* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

The district court's denial of Diana's motion under Rule 60(b) was not an abuse of discretion. First, to the extent that Diana sought to rely on Rule 60(b)(1), (2), or (3), the district

3

court correctly determined that her motion—filed approximately fourteen years after judgment was entered—was untimely.   Second, Diana did not establish any reason justifying relief under Rule 60(b)(4), (5), or (6), and did not identify any "exceptional circumstances" warranting relief. *Ruotolo*, 514 F.3d at 191 (quotation marks omitted).

As the district court explained, Diana's motion to reopen did not raise any new arguments; rather, it substantially restated previous allegations and arguments—namely, that Diana was entitled to certain veterans' benefits based on injuries her father sustained while serving in the Navy during World War II, and that the Department of Veterans Affairs improperly denied her request to amend her father's military service records.   *Compare* Amended Complaint, Dist. Ct. Dkt. No. 7 *with* Motion to Reopen, Dist. Ct. Dkt. No. 18.   However, "a Rule 60 motion may not be used as a substitute for appeal," and "a claim based on legal error alone is inadequate."   *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) (internal quotation marks and citation omitted).   Moreover, as noted above, Diana had already appealed the district court's dismissal of her case, and this Court dismissed the appeal because it lacked an arguable basis in law or fact. Thus, to the extent Diana's motion sought to relitigate her appeal, it was barred by the mandate rule.   *See Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co.*, 762 F.3d 165, 175 (2d Cir. 2014) ("The mandate rule prevents relitigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate." (internal quotation marks and citation omitted)).

In sum, the district court's denial of Diana's Rule 60(b) motion was well within its discretion.

$*$ $*$ $*$

We have considered all of Diana's arguments and find them to be without merit.

Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
